# Morgan Lewis

**Gregory T. Parks**
Partner
+1.215.963.5170
gregory.parks@morganlewis.com

February 27, 2017

**VIA ECF**

The Honorable Sandra L. Townes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *Nicosia v. Amazon.com, Inc.*, Civil Action No. 14-cv-4513-SLT-LB

Dear Judge Townes:

We represent Defendant Amazon.com, Inc. ("Amazon") and write pursuant to Section III.A. of Your Honor's Individual Practices to request a pre-motion conference to file a motion to compel arbitration.  We also request that discovery be stayed during the pendency of that motion. Amazon respectfully believes that the Court would benefit from full briefing, but presents a summary of the anticipated motion below.

**Relevant Background/Procedural History**

On February 4, 2015, this Court dismissed Plaintiff's claims on the grounds that he had agreed to arbitrate any claims against Amazon and denied Plaintiff's motion for a preliminary injunction. Dkt. No. 79.  Plaintiff appealed both rulings.  On August 25, 2016, the Second Circuit affirmed this Court's ruling on the injunction, but remanded for further proceedings on the arbitration issue because at that stage of the case "reasonable minds could disagree" on whether Plaintiff had constructive notice of the arbitration clause at issue.  Opinion at 33-34, Dkt. No. 102-1.  In the five months since then, the parties have completed extensive discovery on that question.

Reasonable minds can no longer disagree on this issue.  The undisputed facts that have emerged in discovery unmistakably demonstrate that Plaintiff and those acting on his behalf had ample constructive notice of the arbitration clause to which they agreed.  Specifically, in considering this issue, the Second Circuit focused solely on the sparse record at the motion to dismiss phase. That record showed simply that Plaintiff had made two purchases from Amazon by completing what was before the Court as Amazon's standard order page.  The Second Circuit concluded that

**Morgan, Lewis & Bockius** LLP

1701 Market Street
Philadelphia, PA  19103-2921
United States
☎ +1.215.963.5000
📠 +1.215.963.5001

The Honorable Sandra L. Townes
February 27, 2017
Page 2

it could not be conclusively determined on a motion to dismiss in this case that two purchases were enough to provide constructive notice given the other elements on the page. *Id.* at 28-35.

Discovery now shows that Plaintiff repeatedly viewed Amazon's order page in making more than 50 purchases on Amazon that he can specifically recall. Moreover, in combination with his wife and others who acted as his agents, Plaintiff established four Amazon accounts, made more than 500 purchases from Amazon, and signed up for multiple Amazon programs, including Amazon Mom and Amazon Prime. These activities caused Plaintiff or his agents to have constructive and inquiry notice of the Amazon Conditions of Use with an arbitration clause.[1] The enrollment forms for Amazon Mom and Amazon Prime in particular had sign up pages with elements that the Second Circuit found to be constructive notice – like language that is directly adjacent to the button the user clicked. *See id.* at 31-32. In short, these were sophisticated Amazon customers who took advantage of many of Amazon's programs, services, and products. They should be required to follow Amazon's rules in the Conditions of Use they agreed to honor.

I. **Plaintiff Had Constructive Notice of Amazon's Conditions of Use Because He Created Several Amazon Accounts and Placed Numerous Orders on Amazon**

Plaintiff had actual, constructive, and/or inquiry notice of and agreed to Amazon's Conditions of Use and the arbitration clause therein by creating three different Amazon accounts under his own name and by placing numerous orders on Amazon using those accounts and an account that both Plaintiff and his wife have used with each other's knowledge and consent (the "Nicosias' Account" or the "Nicosias' Prime Account"). In placing those orders, Plaintiff repeatedly reviewed an order page that stated at the top: "By placing your order, you agree to the Conditions of Use and Privacy Policy." Plaintiff then clicked a button that stated "Place Order" many times. At his deposition, Plaintiff admitted that he was familiar with the order page and was aware that there was language at the top of it. Although he claimed not to have read the language, being aware of the existence of the language is sufficient for constructive notice, particularly for a website visitor who saw the same language repeatedly. *See Salameno v. Gogo Inc.*, No. 16-cv-0487, 2016 WL 4005783, at *1, 5-6 (E.D.N.Y. July 25, 2016) (Weinstein, J.), *recons. denied*, 2016 WL 4939345 (E.D.N.Y. Sept. 13, 2016) (granting motion to compel arbitration because plaintiffs were sophisticated and frequent users of Gogo's in-flight service who repeatedly viewed website pages with links to the terms of use with an arbitration clause).

II. **Plaintiff's Purchases of 1 Day Diet Were Made from the Nicosias' Prime Account, Which Is Bound by the Conditions of Use**

Plaintiff's claims in this case are also subject to mandatory arbitration because Plaintiff made the purchases at issue here from the Nicosias' Prime Account, which is subject to the Amazon Prime Terms & Conditions and Amazon Mom Terms & Conditions. Plaintiff's wife affirmatively

---

[1] Because this is not a motion for summary judgment, Amazon is not submitting a Rule 56.1 statement as it did not wish to burden the Court with additional documents, but Amazon would be happy to do so should the Court desire.

The Honorable Sandra L. Townes
February 27, 2017
Page 3

agreed to those terms and conditions by signing up for the Amazon Mom program on September 30, 2011 (through a friend who helped her sign up for that program) and for Amazon Prime on October 11, 2012. Both the Amazon Prime Terms & Conditions and Amazon Mom Terms & Conditions expressly incorporate Amazon's Conditions of Use with an arbitration clause.

Many federal courts have recognized that users of an online account are subject to the terms and conditions to which the account holder or others agreed, often times because the individual who agreed functioned as the user's agent. *See, e.g.*, *Motise v. Am. Online, Inc.*, 346 F. Supp. 2d 563, 565-66 (S.D.N.Y. 2004) (by using an AOL account created by his stepfather, Plaintiff was subject to AOL's terms of service to which his stepfather agreed); *Hofer v. Gap, Inc.*, 516 F. Supp. 2d 161, 175-76 (D. Mass. 2007) (holding that the plaintiff was bound by Expedia's terms and conditions because plaintiff's friend had booked plaintiff's travel arrangements on Expedia's site and had accepted the online terms and conditions).

### III. Discovery Should Be Stayed Pending the Court's Ruling on Amazon's Motion

Section 4 of the Federal Arbitration Act ("FAA") requires that "[i]f the making of the arbitration agreement . . . [is] in issue, the court **shall proceed summarily** to the trial thereof." 9 U.S.C. § 4 (emphasis added). The Second Circuit's decision held that the making of the arbitration clause is at issue. Opinion at 34-35, Dkt. No. 102-1. But, it noted that Section 4 of the FAA was not invoked because neither side had moved to compel arbitration. *Id.* at 35, n. 6. Since Amazon is now moving to compel arbitration, Section 4 of the FAA is invoked and the Court "shall" move "summarily" to trial or resolution of that issue. The use of the word "shall" indicates the importance of the issue and means that there is no discretion to be exercised on this question. Moving "summarily" means that no other issues should be explored until the arbitration question is resolved. Allowing further discovery would be contrary to this statutory directive and subvert the benefits of arbitration that the FAA seeks to promote. *See, e.g.*, *Josie-Delerme v. Amer. Gen. Fin. Corp.*, No. 08-cv-3166(NG)(MDG), 2009 WL 497609, at *2 (E.D.N.Y. Feb. 26, 2009) (granting request to stay discovery while motion to dismiss and compel arbitration was pending); *Ross v. Bank of Am., N.A.*, No. 05-cv-7116, 2006 WL 36909, at *1 (S.D.N.Y. Jan. 6, 2006) (staying discovery pending resolution of motion to stay in favor of arbitration); *Intertec Contracting A/S v. Turner Steiner Int'l, S.A.*, 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001) (recognizing that it is the "general practice" for district courts to stay discovery while a motion to compel arbitration is pending). Indeed, this Court previously stayed discovery pending its earlier resolution of this issue. *See* Dkt. Nos. 18, 27.

Respectfully submitted,

*/s/ Gregory T. Parks*

c: All Counsel of Record (via ECF)