Clerk Office
File Date:
9/30/2021
U.S.
DISTRICT
COURT-
EDNY
BROOKLYN
OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
DEAN NICOSIA, on behalf of himself and
all others similarly situated,

                    Plaintiff,                             MEMORANDUM AND ORDER
                                                          14-CV-4513 (ILG) (LB)

        v.

AMAZON.COM, INC.,

                    Defendant.
--------------------------------------------------------x

GLASSER, Senior United States District Judge:

Once again, Plaintiff Dean Nicosia seeks to open the doors of this federal courthouse in order to bring a putative class action against Defendant Amazon.com, Inc. ("Amazon"), with respect to the purchase of 1 Day Diet pills in 2013.  The Court previously found that Plaintiff was bound by the arbitration agreement contained within Amazon's then-effective Conditions of Use ("CoU"), a decision that the Second Circuit affirmed.  Plaintiff now moves this Court, pursuant to Fed. R. Civ. P. 60(b)(5), to modify and vacate its final order and judgment based on Amazon's post-judgment change to its CoU that eliminated a mandatory arbitration clause.

The Court's prior order does not have the prospective application required under Second Circuit precedent to permit relief under Rule 60(b)(5), and, even if it did, equity does not require the Court to permit Plaintiff to have yet another bite at the apple.  Plaintiff's motion is therefore **DENIED**.

## BACKGROUND

Detailed recitations of the factual and procedural background of this case are set forth in the prior orders of this Court as well as two opinions from the Second Circuit. *See Nicosia v.*

1

*Amazon.com, Inc.*, 834 F.3d 220 (2d Cir. 2016); *Nicosia v. Amazon.com, Inc.*, 384 F. Supp. 3d 254 (E.D.N.Y. 2019), *aff'd*, 815 F. App'x 612 (2d Cir. 2020).

After the Second Circuit affirmed this Court's dismissal of Plaintiff's claims on the ground that his claims were subject to the mandatory arbitration clause in the then-effective CoU, Plaintiff commenced an arbitral proceeding before the American Arbitration Association. The parties have only provided the Court with a copy of the arbitrator's decision, which the Court has permitted to be filed under seal. That decision, dated March 17, 2021, found that although the contracts between Plaintiff and Amazon concerning the purchase of the diet pills at issue were illegal and unenforceable, the CoU that governed the transactions were severable and remained enforceable. The arbitrator therefore denied Plaintiff's requested declaratory relief that would have voided the mandatory arbitration clause. According to the decision, Plaintiff's arbitral demand did not seek any other substantive relief, nor did it try to establish any damages.

Nearly two months later, on May 3, 2021, Amazon amended its CoU to remove the mandatory arbitration clause. In its place, Amazon inserted a provision that requires any dispute or claim to be brought in a state or federal court in King County, Washington. [ECF No. 174-3]. Plaintiff contends that because of this change to Amazon's CoU, Fed. R. Civ. P. 60(b)(5) and equity demand that the Court's final order and judgment compelling arbitration be vacated.

## DISCUSSION

"Properly applied, Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." *Reese v. Bahash*, 574 F. App'x 21, 23 (2d Cir. 2014) (quotations omitted). Although a Rule 60(b) motion "should be broadly construed to do substantial justice, . . . final judgments should not be lightly reopened." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). Therefore, "[r]elief under Rule 60(b) is generally not favored and is properly granted only upon a showing of exceptional circumstances." *Sec. & Exch. Comm'n v.*

*Allaire*, No. 03-CV-4087 (DLC), 2019 WL 6114484, at *2 (S.D.N.Y. Nov. 18, 2019), *aff'd sub nom. Sec. & Exch. Comm'n v. Romeril*, No. 19-4197-CV, 2021 WL 4395250 (2d Cir. Sept. 27, 2021) (quoting *Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 131 (2d Cir. 2010)); *see also Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (describing Rule 60(b) as "a mechanism for 'extraordinary judicial relief'" that can be "invoked only if the moving party demonstrates 'exceptional circumstances'") (quoting *Paddington Partners v. Bouchard,* 34 F.3d 1132, 1142 (2d Cir. 1994)).

Plaintiff has moved specifically under the third prong of Rule 60(b)(5). *See* Pl.'s Mem. of Law in Supp. of R. 60 Mot. to Vacate Judgement Compelling Arbitration [ECF No. 174] ("Pl.'s Mem."), at 1, 7-8. In relevant part, then, Rule 60(b)(5) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding [where] . . . applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). In order to obtain relief under this provision, a movant must show, first, that the challenged order is prospective in nature, and second, that it would be inequitable to permit the order to remain in place.

**A.     Prospective Application**

"[A] final judgment or order has 'prospective application' for purposes of Rule 60(b)(5) only where it is 'executory or involves the supervision of changing conduct or conditions.'" *Tapper v. Hearn*, 833 F.3d 166, 170 (2d Cir. 2016) (quoting *DeWeerth v. Baldinger*, 38 F.3d 1266, 1275 (2d Cir. 1994)). In *Tapper*, the Second Circuit joined with the First, Third, Fourth, Fifth, Ninth, Tenth, and Eleventh Circuits to hold that "a judgment or order of dismissal or a judgment or order denying a plaintiff injunctive relief . . . does not apply prospectively within the meaning of Rule 60(b)(5)." *Id.* at 171.

Although the Second Circuit has not expressly applied this holding to orders compelling arbitration, other courts have. *See, e.g., Paul Revere Variable Annuity Ins. Co. v. Zang*, 248 F.3d

1, 7 (1st Cir. 2001) (affirming denial of Rule 60(b)(5) motion brought in response to order

compelling arbitration); *Grynberg v. BP P.L.C.*, 318 F.R.D. 533, 540 (D.D.C. 2016) (order

compelling arbitration did not have prospective application for purposes of a Rule 60(b)(5)

motion).  Plaintiff ignores *Tapper*, which is binding on this Court, and other on-point authority,

focusing instead on jurisprudence relating to the modification or enforcement of consent decrees.

Pl.'s Mem. at 8 (citing *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 384 (1992)); *id.* at

11 (citing *Rd. Sprinkler Fitters Loc. Union No. 669 v. G & L Associated, Inc.*, No. 3:10-CV-471-

TAV-CCS, 2014 WL 2718755, at *4 (E.D. Tenn. June 16, 2014)).  But that authority is

distinguishable: consent decrees implicate the ongoing involvement of a court to monitor and

adjust the respective rights and obligations of the parties, thereby creating the required

prospective application of the order.  Here, there is no consent decree or other reason why the

Court needs to remain involved in the parties' dispute.  This Court

> need not go further.  That a judgment or order sought to be modified has
> prospective force is an indispensable condition for obtaining relief from that
> judgment or order under the third set of circumstances listed in Rule 60(b)(5) . . . .
> The fact that the [Court]'s prior dismissal was not executory and did not leave
> open future adjudication of any issues regarding the rights of the parties now at
> issue here . . . is fatal to [Plaintiff's] claim under that provision.

*Tapper*, 833 F.3d at 172.

**B.    Equity**

Even if the Court's prior order was prospective in nature, it would not be inequitable to

permit its continued application.

Here, Plaintiff brought his claim to court, but was found to have agreed to resolve his

claims in arbitration and directed to proceed in that forum.  Which he did.  For a reason that has

not been explained to the Court, Plaintiff failed to bring all of his substantive claims while in that

forum, and his claim was subsequently dismissed by the arbitrator.  That Amazon happened to

have changed its CoU and has made its own decision to not seek arbitration against other parties in other actions does not relieve Plaintiff of the weight of his own strategic decisions in this long-running action.  In other words, equity does not demand that Plaintiff be given a second bite at the proverbial apple back in this Court.  "Litigation decisions made by parties have consequences." *Paul Revere Variable Annuity Ins. Co.*, 248 F.3d at 2.  "There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from." *Ackermann v. United States*, 340 U.S. 193, 198 (1950).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is **DENIED**.

SO ORDERED.

Dated:        Brooklyn, New York
              September 28, 2021

                                        _____/s/_____
                                        I. Leo Glasser
                                        Senior United States District Judge

5